THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHENELLE GORDON, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CORPORATE MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Shenelle Gordon ("Plaintiff"), through undersigned counsel, and files this action against Defendant Corporate Management, Inc. ("Defendant") and her Complaint states the following:

### **I.     Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This retaliation action seeks declaratory relief, liquidated and actual damages, compensatory damages, along with attorney's fees and costs pursuant Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia business and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Defendant is subject to jurisdiction in this Court. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.   Parties and Facts

5.

Plaintiff was employed by Defendant as the Director of Human Resources from July 22, 2019 to December 10, 2019.

6.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA.

7.

When Plaintiff first began working for Defendant, she learned that Defendant had a "Fractional Time" policy. Under this policy, Defendant required Admins to modify employee time to remove certain time beyond eight hours. This policy violates the FLSA by preventing employees from receiving overtime pay.

8.

On December 2, 2019, Plaintiff sent an email to CEO, Marc Hardy, notifying him that Defendant's Fractional Time policy violated the FLSA. Plaintiff recommended that Defendant immediately discontinue the policy.

9.

On December 10, 2019, Plaintiff again notified Mr. Hardy that the Fractional Time policy violated the FLSA, this time doing so while meeting with Mr. Hardy in person. After hearing Plaintiff complaint about the fractional time issue in person and Plaintiff's proposal for a solution, Mr. Hardy terminated Plaintiff's employment on December 10, 2019.

10.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in response to her protected activity.

11.

Plaintiff has suffered damages, including lost wages and emotional distress as a result of Defendant's retaliatory action, for which she is entitled to recover.

## Count I

### Violation of 29 U.S.C. § 215(a)(3)
**(FLSA Retaliation)**

12.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

13.

Plaintiff engaged in protected activity by opposing Defendant's willful refusal to pay overtime compensation to employees. Plaintiff therefore engaged in protected activity under the FLSA.

14.

Defendant responded to Plaintiff's protected activity by terminating her employment.

15.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

16.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

17.

Defendant was prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

18.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

19.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

20.

Defendant's violations of the FLSA were willful and in bad faith.

21.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice she believed was unlawful under the FLSA.

22.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate her employment.

23.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which she is entitled to recover from Defendant.

24.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff lost wages, liquidated damages and attorneys' fees pursuant to the FLSA, along with pre-judgment interest on unpaid wages pursuant, court costs, expert witness fees, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E) Damages, including damages for emotional distress and pecuniary losses on Plaintiff's FLSA retaliation claim;

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

This 10th day of June 2020.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com